101 437 010

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AVANTI'S DOME, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2023-1303 |
| | ) | |
| GREAT LAKES INSURANCE SE, | ) | |
| | ) | |
| Defendant. | ) | |

# AMENDED COMPLAINT

NOW COMES Plaintiff, AVANTI'S DOME, LLC, by and through their counsel, QUINN JOHNSTON, and for their Complaint against Defendant, GREAT LAKES INSURANCE SE, states the following:

## COUNT I: BREACH OF CONTRACT

1. Plaintiff, AVANTI'S DOME, LLC, is an Illinois limited liability company with its principal place of business at 3401 Griffin Ave., Pekin, Illinois.

2. Defendant, GREAT LAKES INSURANCE SE, is an insurance company that issues property insurance policies in the State of Illinois.

3. On July 7, 2020, Defendant GREAT LAKES INSURANCE SE (herein after referred to as "GREAT LAKES" and/or "DEFENDANT"), issued a policy of insurance to Plaintiff, AVANTI'S DOME, LLC.

4. A copy of the policy of insurance bearing policy number 20GLUK2057 with policy period from July 6, 2020 to July 6, 2021 is attached hereto as EXHIBIT A.

5. The policy states in pertinent part: "We will pay for direct physical loss of or damage to covered property at the premises described in the declarations caused by or resulting from any covered cause of loss."

6. The policy further states:

> a. "Covered cause of loss when special is shown in the declarations, covered cause of loss means, direct physical loss unless the loss is excluded or eliminated in this policy."

7. The policy further states:

> "(3) Covered cause of loss. See applicable causes of loss from form as shown in the declarations."

8. According to the policy attached hereto as EXHIBIT A, "special" is shown for the subject building. The policy then states: "(a) Covered cause of loss. When special is shown in the declarations, covered causes of loss means direct physical loss unless the loss is excluded or eliminated in this policy."

9. On or about June 19, 2021, during the term of the above-referenced policy, a destructive storm occurred in the Pekin, Illinois area.

10. As a result of the storm, insured property at the Plaintiff's premises suffered direct physical loss covered by the policy.

11. The policy also contains an endorsement that provides coverage for mechanical breakdown. That Endorsement states: the policy issued to Avanti's does contain an endorsement for equipment breakdown coverage.

12. The Endorsement provides:

> Additional Coverage - - Equipment Breakdown. The term covered cause of loss includes the additional coverage, equipment breakdown as described and limited below:
>
> 1. We will pay for direct physical damage to covered property that is the direct result of an "accident". As used in this additional coverage, accident means a fortuitous event

that causes direct physical damage to covered equipment. The event must be one of the following:

> a. mechanical breakdown, including rupture or bursting caused by centripetal force.

The endorsement further states:

> 3. EXCLUSIONS
> All exclusions in the Causes of Loss form apply except as modified below and to the extent that coverage is specifically provided by this Additional Coverage Equipment Breakdown.

13. Subsequent to the storm, Plaintiff submitted a claim to GREAT LAKES for property damage under the insurance policy. GREAT LAKES issued payments for property damage to a dome structure a.k.a. "The Avanti's Dome" located at Defendant's insured premises.

14. The payment did not include amounts for the mechanicals that suffered direct physical loss as a result of the storm.

15. On January 4, 2023, GREAT LAKES, through its' third-party administrator Capstone ISG, issued correspondence to Plaintiff denying coverage for HVAC equipment and mechanicals. A copy of the correspondence denying coverage is attached hereto as EXHIBIT B.

16. The denial of coverage and failure to make payments towards the mechanicals constitutes a material breach of the insurance contract attached hereto as EXHIBIT A.

17. Plaintiff has complied with all of its' obligations under the insurance contract.

18. As a direct and proximate result of Defendant's breach of contract for failing to make payments due and owing under the insurance policy, Plaintiff has suffered damages in excess of Two Hundred and Fifty-Four Thousand, Five Hundred and Forty Dollars ($254,540).

WHEREFORE, Plaintiff, AVANTI'S DOME, LLC, requests this Honorable Court enter a judgment in favor of Plaintiff and against Defendant, GREAT LAKES INSURANCE SE, award cost of suit, and grant any such further relief as the Court deems just and proper.

**COUNT II: SECTION 155 BAD FAITH CLAIM**

19. Plaintiff restates, realleges, and incorporates by reference paragraphs 1 through 18 of its Amended Complaint as and for paragraphs 1 through 18 of this Count II.

20. Attached hereto as exhibit B is the letter issued by Ashely Eady of Capstone ISG acting as third party administrator of Defendant, with full authority to communicate on behalf of Defendant.

21. Exhibit B is a partial denial of plaintiff's claim for insurance proceeds.

22. Exhibit B states a basis for denial exclusions for: "(6) Mechanical Breakdown, including rupture or bursting caused by centrifugal force"

23. Exhibit B further states: "The policy excludes loss or damage resulting from wear and tear, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself, mechanical breakdown, and inadequate maintenance".

24. There is no mention in Exhibit B of the endorsement for mechanical breakdown.

25. Attached hereto as Exhibit A is the insurance policy.

26. The insurance policy contains an endorsement entitled "Equipment Breakdown Coverage." That endorsement provides coverage for "mechanical breakdown, including rupture or bursting caused by centrifugal force."

27. Defendant's communication in Exhibit B that specifically cites as a basis for denial an exclusion that is rendered inapplicable by the coverage provided by the endorsement, that the Defendant knew was in place at the time of loss, constitutes deceitful, vexatious and unreasonable conduct on the part of Defendant.

28. Defendant had a statutory duty to act in good faith and avoid conduct that is vexatious and unreasonable in responding to Plaintiff's insurance claim.

29. Section 155 of the Illinois Insurance Code (215 ILCS 5/155) provides as follows:

> Sec. 155 Attorney Fees.
> (1) In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:
>
> (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;
> (b) $60,000;
> (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.
>
> (2) Where there are several policies insuring the same insured against the same loss whether issued by the same or by different companies, the court may fix the amount of the allowance so that the total attorney fees on account of one loss shall not be increased by reason of the fact that the insured brings separate suits on such policies.

30. Defendant had a duty to conduct a reasonable investigation based upon all available information and effectuate a prompt, fair and equitable settlement of claims arising under its Policy.

31. Defendant engaged in one or more of the following vexatious and unreasonable acts and/or ommisions:

(a) Wrongfully, vexatiously, unreasonably, and outrageously refused to consider Plaintiff's claims for actual cash value of the structure by not including covered mechanicals in their calculations in violation of the Illinois Insurance Code, 215 ILCS 5/155;

(b) Stated a knowingly false basis for the denial of the mechanical coverage when it knew that an endorsement provided the coverage that was stated as excluded.

(c) Wrongfully, vexatiously, unreasonably, and outrageously refused to properly investigate Plaintiff's claims in violation of the Illinois Insurance Code, 215 ILCS 5/155;

(d) Wrongfully, vexatiously, unreasonably, and outrageously refused to settle Plaintiff's claims in violation of the Illinois Insurance Code, 215 ILCS 5/155;

(e) Wrongfully and in bad faith refused to settle Plaintiff's claims in violation of the Illinois Insurance Code, 215 ILCS 5/155.

32. As a direct and proximate result of one or more of the forgoing wrongful acts and omissions by Defendant, Plaintiff was deprived of its opportunity to resolve its claims for property damage against Defendant; was forced to file suit to obtain the relief it is entitled to under the policy.

WHEREFORE, Plaintiff prays this Court enter judgment against Defendant and in favor of Plaintiff, and award it damages, including:

(a)The full amount owed and due to Plaintiff by considering HVAC equipment and mechanicals as part of its calculations of the loss amounts under the Policy;

(b) Attorneys' fees and costs pursuant to §155 of the Illinois Insurance Code;

(c) Costs of suit incurred by Plaintiff;

(d) An additional amount not to exceed 60 percent of the judgment in favor of Plaintiff in this action pursuant to §155 of the Illinois Insurance Code;

(e) "Other costs" pursuant to §155 of the Illinois Insurance Code; and

(f) Any additional amounts this Court deems just and equitable.

PLAINTIFF DEMANDS TRIAL BY JURY OF TWELVE.

AVANTI'S DOME, LLC, Plaintiff,

By: /s/*Jonathan A. Stump*
Jonathan A. Stump
QUINN JOHNSTON

JONATHAN A. STUMP (#6243972)
E-mail: jstump@quinnjohnston.com
QUINN JOHNSTON
227 NE Jefferson
Peoria, IL 61602
(309) 674-1133
(309) 674-6503 (fax)

4823-7163-3075, v. 1

**CERTIFICATE OF SERVICE**

The undersigned certifies that on February 14, 2024, all parties/counsel of record were served with a copy of the foregoing document at their respective addresses by the method indicated below:

Isaac R. Melton
Hepler Broom, LLC
70 W. Madison Street, Suite 2600
Chicago, IL 60602
Email: isaac.melton@heplerbroom.com

By: /s/*Jonathan A. Stump*
Jonathan A. Stump
QUINN JOHNSTON

JONATHAN A. STUMP, #6243972
SAMUEL J. PERKINS, #6321283
E-mail for service of pleadings: stumppleadings@quinnjohnston.com; perkinspleadings@quinnjohnston.com
E-mail for service of correspondence: jstump@quinnjohnston.com; sperkins@quinnjohnston.com
QUINN JOHNSTON
227 N. E. Jefferson
Peoria, IL 61602
Telephone: 309/674-1133
Fax: 309/674-6503